1

2

3

4

5

6

7

```
FILED
CLERK, U.S. DISTRICT COURT

DEC 10 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY
```

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              October 2024 Grand Jury

11  UNITED STATES OF AMERICA,          No. **2:24-CR-00734-SVW**

12          Plaintiff,              I N D I C T M E N T

13          v.                      [21 U.S.C. §§ 841(a)(1),
                                    (b)(1)(A)(viii): Distribution of
14  MAXIMO JORDAN NAVARRETE-         Methamphetamine; 18 U.S.C. § 371:
       CONTRERAS,                    Conspiracy; 18 U.S.C.
15  LUKE GREGORY GRABEEL, and        § 922(a)(1)(A): Engaging in the
    FELIPE DEJESUS ORTIZ,            Business of Dealing in Firearms
16    aka "Flip,"                    Without a License; 18 U.S.C.
      aka "Felipe Ramos Ortiz Sr.," § 922(g)(1): Felon in Possession
17    aka "Felipe DeJesus Ortiz      of Firearms and Ammunition; 18
       Anaya,"                       U.S.C. § 922(g)(8): Prohibited
18                                   Person in Possession of Firearms
          Defendants.               and Ammunition; 18 U.S.C.
19                                   § 922(o)(1): Possession of a
                                    Machinegun; 18 U.S.C.
20                                   §§ 924(d)(1), 981; 21 U.S.C.
                                    § 853; and 28 U.S.C. § 2461(c):
21                                   Criminal Forfeiture]

22

23      The Grand Jury charges:

24                      COUNT ONE

25          [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

26              [DEFENDANT NAVARRETE-CONTRERAS]

27      On or about January 16, 2024, in Santa Barbara County, within

28  the Central District of California, defendant MAXIMO JORDAN

NAVARRETE-CONTRERAS knowingly and intentionally distributed at least 50 grams, that is, approximately 105.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants MAXIMO JORDAN NAVARRETE-CONTRERAS, LUKE GREGORY GRABEEL, and FELIPE DEJESUS ORTIZ, also known as ("aka") "Felipe Ramos Ortiz Sr.," aka "Felipe Dejesus Ortiz Anaya," did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about February 6, 2024, and continuing until at least on or about September 12, 2024, in Santa Barbara County, within the Central District of California, and elsewhere, defendants NAVARRETE-CONTRERAS, GRABEEL, and ORTIZ conspired with each other and with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants NAVARRETE-CONTRERAS, GRABEEL, and ORTIZ would obtain firearms to sell.

2.   Defendants NAVARRETE-CONTRERAS, GRABEEL, and ORTIZ would agree to sell firearms to customers in the Santa Barbara County area

1  and would coordinate the date, time, and locations of the firearms

2  sales.

3      3.   Defendants NAVARRETE-CONTRERAS, GRABEEL, and ORTIZ would

4  meet with firearms customers or would send co-conspirators to meet

5  with firearms customers to conduct firearms transactions.

6  D.  OVERT ACTS

7      On or about the following dates, in furtherance of the

8  conspiracy and to accomplish its object, defendants NAVARRETE-

9  CONTRERAS, GRABEEL, and ORTIZ, and others known and unknown to the

10  Grand Jury, committed various overt acts within the Central District

11  of California, and elsewhere, including, but not limited to, the

12  following:

13  **February 6, 2024: Sale of One Firearm**

14      Overt Act No. 1:   On January 19, 2024, in text messages using

15  coded language, defendant NAVARRETE-CONTRERAS sent an individual he

16  believed to be a firearms customer but who was, in fact, a

17  confidential informant working with law enforcement (the "CI"),

18  photographs of three firearms that defendant NAVARRETE-CONTRERAS

19  later told the CI were for sale.

20      Overt Act No. 2:   On January 25, 2024, in text messages using

21  coded language, defendant NAVARRETE-CONTRERAS agreed to sell firearms

22  to the CI on January 30, 2024.

23      Overt Act No. 3:   On January 30, 2024, defendant NAVARRETE-

24  CONTRERAS met with the CI and placed a phone call with his firearms

25  supplier -- who he described as a "white boy" named "Luke" -- on

26  speakerphone; during the call, which defendant GRABEEL answered,

27  defendants NAVARRETE-CONTRERAS and GRABEEL agreed to sell firearms to

28  the CI at a later date.

<u>Overt Act No. 4:</u>    On February 4, 2024, in a phone call, defendant NAVARRETE-CONTRERAS told the CI that defendant GRABEEL wanted to conduct the firearms deal on February 6, 2024.

<u>Overt Act No. 5:</u>    On February 6, 2024, defendant NAVARRETE-CONTRERAS traveled with the CI to defendant GRABEEL's residence in Santa Maria, California, where defendants GRABEEL and NAVARRETE-CONTRERAS sold the CI a firearm, nine rounds of ammunition, and an extended magazine for $1,800 total.

**February 13, 2024: Sale of One Firearm**

<u>Overt Act No. 6:</u>    On February 10, 2024, in text messages using coded language, defendant NAVARRETE-CONTRERAS arranged to sell the CI a firearm that was to be provided by defendant GRABEEL and that the transaction would occur on February 13, 2024.

<u>Overt Act No. 7:</u>    On February 13, 2024, defendant NAVARRETE-CONTRERAS and defendant GRABEEL met with the CI and with an individual they believed to be a firearms customer but who was, in fact, an undercover law enforcement agent ("UC-1"), at defendant GRABEEL's residence in Santa Maria, California, and sold the CI and UC-1 100 rounds of ammunition, an extended magazine, and a firearm that defendant GRABEEL claimed to have assembled, for $2,800 total.

**April 4, 2024: Sale of Two Firearms**

<u>Overt Act No. 8:</u>    On March 27, 2024, in a phone call using coded language, defendant NAVARRETE-CONTRERAS told the CI that GRABEEL was building two firearms for sale.

<u>Overt Act No. 9:</u>    On April 3, 2024, defendant NAVARRETE-CONTRERAS met the CI at defendant NAVARRETE-CONTRERAS's residence and showed the CI a firearm and a silencer that were for sale for $2,700.

1    <u>Overt Act No. 10:</u>   On April 4, 2024, defendant NAVARRETE-
2    CONTRERAS met the CI at defendant NAVARRETE-CONTRERAS's residence and
3    sold the CI two firearms, which were a machinegun and a silencer,
4    that he had shown the CI on April 3, 2024, for $2,700 total.
5    **April 15, 2024: Sale of Two Firearms**
6    <u>Overt Act No. 11:</u>   On April 9, 2024, in a phone call using
7    coded language, defendant NAVARRETE-CONTRERAS told the CI that
8    defendant GRABEEL was working on two firearms that would be for sale
9    for $1,000 each.
10    <u>Overt Act No. 12:</u>   On April 15, 2024, in a phone call using
11    coded language, defendant NAVARRETE-CONTRERAS told the CI that
12    defendant GRABEEL had not finished assembling the two previously
13    mentioned firearms but that three other firearms were ready for sale.
14    <u>Overt Act No. 13:</u>   On April 15, 2024, defendants NAVARRETE-
15    CONTRERAS and GRABEEL met the CI at defendant NAVARRETE-CONTRERAS's
16    residence and sold the CI 24 rounds of ammunition, two extended
17    magazines, and two firearms, one of which GRABEEL said he had been
18    modifying the prior night, for $4,000 total.
19    **May 30, 2024: Sale of Two Firearms and Ammunition**
20    <u>Overt Act No. 14:</u>   On May 23, 2024, in a phone call, defendant
21    NAVARRETE-CONTRERAS told the CI that he had found a supplier that was
22    selling a firearm from which "the serial number's been shaved off."
23    <u>Overt Act No. 15:</u>   On May 23, 2024, at defendant NAVARRETE-
24    CONTRERAS's residence, defendant NAVARRETE-CONTRERAS sold the CI 95
25    rounds of ammunition for $100.
26    <u>Overt Act No. 16:</u>   On May 27, 2024, in a Facebook Messenger
27    call, defendant NAVARRETE-CONTRERAS offered to sell the CI three
28

firearms from defendant GRABEEL and additional firearms from a supplier that defendant NAVARRETE-CONTRERAS did not identify.

Overt Act No. 17:   On May 30, 2024, in a phone call, defendant NAVARRETE-CONTRERAS told the CI that defendant GRABEEL still had three firearms for sale.

Overt Act No. 18:   On May 30, 2024, at defendant NAVARRETE-CONTRERAS's residence, defendant NAVARRETE-CONTRERAS sold the CI and UC-1 two firearms for $2,500.

**June 3, 2024: Sale of Three Firearms**

Overt Act No. 19:   On June 1, 2024, in a text message, defendant NAVARRETE-CONTRERAS sent the CI a photo of three rifles and three magazines in a cardboard box.

Overt Act No. 20:   On June 3, 2024, in a phone call, defendant NAVARRETE-CONTRERAS agreed to sell the CI the firearms shown in the June 1, 2024, photo, later that day.

Overt Act No. 21:   On June 3, 2024, at defendant NAVARRETE-CONTRERAS's residence, defendants NAVARRETE-CONTRERAS and GRABEEL met with the CI and with an individual they believed to be a firearms customer but who was, in fact, an undercover law enforcement agent ("UC-2"), and sold the CI and UC-2 three firearms and three extended magazines for $6,600 total.

**September 3, 2024: Sale of Three Firearms, Including a Short-Barreled Rifle and a Stolen Firearm**

Overt Act No. 22:   On August 29, 2024, in a phone call using coded language, defendant NAVARRETE-CONTRERAS offered to sell the CI two firearms and texted the CI an image of two rifles with magazines and various firearm parts in the background.

Overt Act No. 23:   On September 3, 2024, in a phone call and in a text message using coded language, defendant NAVARRETE-CONTRERAS offered to sell the CI six firearms and instructed the CI to bring at least $6,000 to the transaction.

Overt Act No. 24:   On September 3, 2024, after meeting with a co-conspirator in Santa Maria, California, defendants NAVARRETE-CONTRERAS and ORTIZ met with the CI and UC-2 and sold them five rounds of ammunition, two extended magazines, and three firearms, including a short-barreled rifle and a stolen firearm, for a total of $5,000.

**September 12, 2024: Sale of Three Firearms, Including a Short-Barreled Machinegun Rifle, and Ammunition**

Overt Act No. 25:   On September 11, 2024, in text messages and in a phone call using coded language, defendant NAVARRETE-CONTRERAS sent the CI photos of three firearms and told the CI the firearms were for sale for $6,000 and that he would attempt to set up the firearms transaction on September 12, 2024.

Overt Act No. 26:   On September 12, 2024, in a Facebook message using coded language, defendant NAVARRETE-CONTRERAS told the CI that the supplier of the firearms wanted $7,000 for the firearms but would probably accept $6,500.

Overt Act No. 27:   On September 12, 2024, defendant NAVARRETE-CONTRERAS met defendant ORTIZ in Santa Maria, California, where defendant ORTIZ pulled a firearm out of another car and then entered the front passenger seat of defendant NAVARRETE-CONTRERAS's car with the firearm.

Overt Act No. 28:   On September 12, 2024, defendants NAVARRETE-CONTRERAS and ORTIZ met the CI and UC-2 at a retail storage facility

8

1    in Santa Maria, California, and sold the CI and UC-2 three firearms,

2    including a short-barreled rifle, and ammunition, for $6,500 total.

COUNT THREE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than February 6, 2024, and continuing to at least September 12, 2024, in Santa Barbara County, within the Central District of California, and elsewhere, defendants MAXIMO JORDAN NAVARRETE-CONTRERAS, LUKE GREGORY GRABEEL, and FELIPE DEJESUS ORTIZ, also known as ("aka") "Felipe Ramos Ortiz Sr.," aka "Felipe Dejesus Ortiz Anaya," each aiding and abetting the others, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(s) | FIREARM(s) |
|---|---|---|
| 2/6/2024 | NAVARRETE-CONTRERAS and GRABEEL | A silver and black, privately manufactured, .223 caliber AR-type rifle, bearing no manufacturer's mark or serial number (commonly referred to as a "ghost gun") |
| 2/13/2024 | NAVARRETE-CONTRERAS and GRABEEL | A privately manufactured, 5.56x45mm caliber AR-type ghost gun rifle, bearing no manufacturer's mark or serial number |
| 4/4/2024 | NAVARRETE-CONTRERAS and GRABEEL | A STEN, model MKIII, 9mm caliber machinegun, bearing serial number 5422, with a modified wooden rifle stock |
| 4/4/2024 | NAVARRETE-CONTRERAS | A privately manufactured silencer, bearing no manufacturer's mark or serial number |
| 4/15/2024 | NAVARRETE-CONTRERAS and GRABEEL | (1) A privately manufactured, 5.56x45mm caliber ghost gun rifle, bearing the text "EP Armory" and a skull logo on the frame but bearing no manufacturer's mark or serial number; and<br><br>(2) A privately manufactured, 5.56x45mm caliber ghost gun rifle, bearing an "A" proof mark on the frame but bearing no manufacturer's mark or serial number |

| DATE | DEFENDANT(s) | FIREARM(s) |
|------|--------------|------------|
| | | |
| 5/30/2024 | NAVARRETE-CONTRERAS | (1) A Glock, model 17Gen4, 9mm caliber pistol, bearing serial number BKPD943; and<br><br>(2) A privately manufactured Polymer80 PF940C multi-caliber ghost gun pistol, bearing no manufacturer's mark or serial number |
| 6/3/2024 | NAVARRETE-CONTRERAS and GRABEEL | Three privately manufactured, .223 caliber ghost gun rifles, bearing no manufacturer's mark or serial number |
| 9/3/2024 | NAVARRETE-CONTRERAS and ORTIZ | (1) A Mossberg MMR, 7.62x39mm caliber short-barreled rifle, bearing serial number MMR34235A;<br><br>(2) A Ruger Mini-14, .223 caliber rifle bearing serial number 184-59988; and<br><br>(3) A privately manufactured, .223 caliber ghost gun rifle bearing no manufacturer's mark or serial number |
| 9/12/2024 | NAVARRETE-CONTRERAS and ORTIZ | (1) A privately manufactured, 7.62x39mm caliber short-barreled ghost gun rifle, bearing no manufacturer's mark or serial number;<br><br>(2) A ROMARM/CUGIR WASR-10, 7.62x39mm caliber rifle, bearing serial number 1973ER3824; and<br><br>(3) A Kimber Stainless LW .45ACP caliber pistol, bearing serial number K672194 |

COUNTS FOUR THROUGH TEN

[18 U.S.C. §§ 922(g)(1), (g)(8)]

[DEFENDANT NAVARRETE-CONTRERAS]

On or about the following dates, in Santa Barbara County, within the Central District of California, defendant MAXIMO JORDAN NAVARRETE-CONTRERAS knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM / AMMUNITION |
|---|---|---|
| FOUR | 2/6/2024 | Nine rounds of Industries Valcartier Inc. 5.56x45mm caliber ammunition |
| FIVE | 4/04/2024 | A STEN MKIII, 9mm caliber machinegun, bearing serial number 94522 with a modified rifle stock |
| SIX | 5/23/2024 | (1) 53 rounds of Fiocchi .308 caliber ammunition;<br><br>(2) 36 rounds of Tulammo .308 caliber ammunition;<br><br>(3) Three rounds of Federal Premium Ammunition .308 caliber ammunition;<br><br>(4) Two rounds of Lake City .308 caliber ammunition; and<br><br>(5) One round of Compania Anonima Venezolana de Industrias Militares .308 caliber ammunition. |
| SEVEN | 5/30/2024 | A Glock, model 17Gen4, 9mm caliber pistol, bearing serial number BKPD943 |
| EIGHT | 9/3/2024 | (1) A Mossberg MMR, 7.62x39mm caliber short-barreled rifle, bearing serial number MMR34235A;<br><br>(2) A Ruger Mini-14, .223 caliber rifle, bearing serial number 184-59988; and<br><br>(3) Five rounds of Federal Premium Ammunition .223 caliber ammunition. |

| COUNT | DATE | FIREARM / AMMUNITION |
|-------|------|----------------------|
| NINE | 9/12/2024 | (1) A ROMARM/CUGIR WASR-10, 7.62x39mm caliber rifle, bearing serial number 1973ER3824;<br><br>(2) A Kimber Stainless LW .45ACP caliber pistol, bearing serial number K672194; and<br><br>(3) Three rounds of Tula Cartridge Works 7.62x39mm caliber ammunition. |
| TEN | 9/21/2024 | (1) 19 rounds of Igman 5.56x45 caliber ammunition;<br><br>(2) 58 rounds of Lake City Army Armmunition Plate 5.56x45 caliber ammunition;<br><br>(3) Eight rounds of Lake City Army Ammunition Plant 5.56x45 caliber ammunition;<br><br>(4) Two rounds of Remington .223 caliber ammunition; and<br><br>(5) One round of Caracal Light Ammunition 5.56x45 caliber ammunition. |

Defendant NAVARRETE-CONTRERAS possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Carrying a Loaded Firearm, in violation of California Penal Code Section 148(a)(1), in the Superior Court for the State of California, County of Santa Barbara, Case No. 21CR02574, on or about September 2, 2021; and

2.   Infliction of Corporal Injury on a Spouse / Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court for the State of California, County of Santa Barbara, Case No. 23CR06768, on or about November 8, 2023.

1    Additionally, defendant NAVARRETE-CONTRERAS possessed such

2  firearms and ammunition knowing that he was subject to the following

3  court orders:

4    1.   A court order issued on or about September 14, 2021, and

5  expired on or about September 14, 2024, in the Superior Court for the

6  State of California, County of Santa Barbara, Case No. 21CR04239,

7  which was issued after a hearing of which he received actual notice

8  and at which he had an opportunity to participate, restraining him

9  from harassing, stalking, and threatening an intimidate partner, that

10  by its terms explicitly prohibited the use, attempted use, and

11  threatened use of physical force against such intimate partner that

12  would reasonably be expected to cause bodily injury; and

13    2.   A court order issued on or about October 5, 2021, and

14  expired on or about October 5, 2024, in the Superior Court for the

15  State of California, County of Santa Barbara, case number 21CR06267,

16  which was issued after a hearing of which he received actual notice,

17  and at which he had an opportunity to participate, restraining him

18  from harassing, stalking, and threatening an intimidate partner, that

19  by its terms explicitly prohibited the use, attempted use, and

20  threatened use of physical force against such intimate partner that

21  would reasonably be expected to cause bodily injury; and

22    3.   A court order issued on or about December 5, 2023, in the

23  Superior Court for the State of California, County of Santa Barbara,

24  case number 23CR06768, which was issued after a hearing of which he

25  received actual notice, and at which he had an opportunity to

26  participate, restraining him from harassing, stalking, and

27  threatening an intimidate partner, that by its terms explicitly

28  prohibited the use, attempted use, and threatened use of physical

14

force against such intimate partner that would reasonably be expected
to cause bodily injury.

COUNTS ELEVEN AND TWELVE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT ORTIZ]

On or about the following dates, in Santa Barbara County, within the Central District of California, defendant FELIPE DEJESUS ORTIZ, also known as ("aka") "Felipe Ramos Ortiz Sr.," aka "Felipe Deje Ortiz Anaya," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM / AMMUNITION |
|-------|------|----------------------|
| ELEVEN | 9/3/2024 | (1) A Mossberg MMR, 7.62x39mm caliber short-barreled rifle, bearing serial number MMR34235A; <br><br> (2) A Ruger Mini-14, .223 caliber rifle, bearing serial number 184-59988; and <br><br> (3) Five rounds of Federal Premium Ammunition .223 caliber ammunition |
| TWELVE | 9/12/2024 | (1) A ROMARM/CUGIR WASR-10, 7.62x39mm caliber rifle, bearing serial number 1973ER3824; <br><br> (2) A Kimber Stainless LW .45ACP caliber pistol, bearing serial number K672194; and <br><br> (3) Three rounds of Tula Cartridge Works 7.62x39mm caliber ammunition |

Defendant ORTIZ possessed such firearms and ammunition knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Evading an Officer with Willful Disregard, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the

State of California, County of Santa Barbara, Case No. 18CR03151, on or about September 27, 2018; and

     2.   Carrying a Loaded Firearm in a Vehicle by a Felon, in violation of California Penal Code Section 25850(c)(1), in the Superior Court for the State of California, County of Santa Barbara, Case No. 21CR08468, on or about February 9, 2022.

COUNT THIRTEEN

[18 U.S.C. §§ 922(o)(1), 2(a)]

[DEFENDANTS NAVARRETE-CONTRERAS AND GRABEEL]

On or about April 4, 2024, in Santa Barbara County, within the Central District of California, defendants MAXIMO JORDAN NAVARRETE-CONTRERAS and LUKE GREGORY GRABEEL, each aiding and abetting the other, knowingly possessed a machinegun, as defined in Title 18, United States Code Section 921(a)(24), and Title 26, United States Code, Section 5845(b), namely, a STEN MKIII, 9mm caliber machinegun, bearing serial number 94522, with a modified wooden rifle stock, which defendants NAVARRETE-CONTRERAS and GRABEEL knew to be a machinegun.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal
Procedure, notice is hereby given that the United States of America
will seek forfeiture as part of any sentence, pursuant to Title 21,
United States Code, Section 853, Title 18, United States Code,
Section 924, and Title 28, United States Code, Section 2461(c), in
the event of the defendant's conviction of the offense set forth in
Count One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United
States of America the following:

(a)    All right, title and interest in any and all property,
real or personal, constituting or derived from, any proceeds which
the defendant obtained, directly or indirectly, from any such
offense;

(b)    All right, title and interest in any and all property,
real or personal, used, or intended to be used, in any manner or
part, to commit, or to facilitate the commission of any such offense;

(c)    All right, title, and interest in any firearm or
ammunition involved in or used in any such offense; and

(d)    To the extent such property is not available for
forfeiture, a sum of money equal to the total value of the property
described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p),
the convicted defendant, shall forfeit substitute property if, by any
act or omission of said defendant, the property described in the
preceding paragraph, or any portion thereof: (a) cannot be located
upon the exercise of due diligence; (b) has been transferred, sold

1    to, or deposited with a third party; (c) has been placed beyond the

2    jurisdiction of the court; (d) has been substantially diminished in

3    value; or (e) has been commingled with other property that cannot be

4    divided without difficulty.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          FORFEITURE ALLEGATION TWO

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of any defendant's conviction of

8   the offense set forth in Count Two of this Indictment.

9        2.    Any defendant so convicted shall forfeit to the United

10  States of America the following:

11           (a)   all right, title, and interest in any and all

12  property, real or personal, constituting, or derived from, any

13  proceeds traceable to the offenses; and

14           (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17       3.    Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c),

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  substantially diminished in value; or (e) has been commingled with

27  other property that cannot be divided without difficulty.

28

1                       FORFEITURE ALLEGATION THREE

2              [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3         1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1), and Title 28, United States

7    Code, Section 2461(c), in the event of any defendant's conviction of

8    the offenses set forth in any of Counts Three through Thirteen of

9    this Indictment.

10        2.    Any defendant so convicted shall forfeit to the United

11   States of America the following:

12            (a)   All right, title, and interest in any firearm or

13   ammunition involved in or used in any such offense; and

14            (b)   To the extent such property is not available for

15   forfeiture, a sum of money equal to the total value of the property

16   described in subparagraph (a).

17        3.    Pursuant to Title 21, United States Code, Section 853(p),

18   as incorporated by Title 28, United States Code, Section 2461(c), the

19   convicted defendant shall forfeit substitute property, up to the

20   value of the property described in the preceding paragraph if, as the

21   result of any act or omission of said defendant, the property

22   described in the preceding paragraph or any portion thereof (a)

23   cannot be located upon the exercise of due diligence; (b) has been

24   transferred, sold to, or deposited with a third party; (c) has been

25   placed beyond the jurisdiction of the court; (d) has been

26   //

27   //

28

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

KELSEY A. STIMSON
Assistant United States Attorney
Violent and Organized Crime Section