BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MARIAM KALOUSTIAN
Assistant United States Attorney
Deputy Chief, Asset Forfeiture & Recovery Section
THI HOANG HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0596
        Facsimile: (213) 894-0141
        E-mail:    Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>MAXIMO JORDAN NAVARRETE-CONTRERAS,<br><br>           Defendant. | No. 2:24-cr-00734-SVW-1<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION _IN LIMINE_ NO. 1 TO PRECLUDE DEFENDANT FROM RAISING ENTRAPMENT DEFENSE<br><br>Hearing Date: January 5, 2026<br>Hearing Time: 11:00 a.m.<br>Location:     Courtroom of the<br>              Hon. Stephen V.<br>              Wilson |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Mariam Kaloustian, hereby files its Reply in Support of its Motion in Limine to Preclude defendant Maximo Jordan Navarrete-Contreras from raising the affirmative defense of entrapment.

//

1    This reply is based upon the attached memorandum of points and

2 authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4

5   Dated: December 19, 2025          Respectfully submitted,

6                                     BILAL A. ESSAYLI
                                      First Assistant United States
7                                     Attorney

8                                     ALEXANDER B. SCHWAB
                                      Assistant United States Attorney
9                                     Acting Chief, Criminal Division

10

11   _____/s/_____
                                      THI HOANG HO
                                      MARIAM KALOUSTIAN
12                                    Assistant United States Attorneys

13                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Introduction**

A defendant is not entitled to present an entrapment defense to the jury unless he has made a prima facie showing of each element of the defense.  United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008).  The defense of entrapment has two elements: "government inducement of the crime and the absence of predisposition on the part of the defendant."  See United States v. McClelland, 72 F.3d 717, 722 (9th Cir.1995) (quotation marks in original omitted).  Defendant's opposition to the government motion in limine #1 (Dkt. 92) fails to show any prima face evidence of either inducement by a government agent or defendant's lack of predisposition, as required to present an entrapment defense at trial.[1]

*First*, as to inducement, defendant claims that the confidential informant's ("CI") act of reaching out to him and persistence in following up with him constitutes inducement.  But the case law is clear that the government's initial contact with a defendant, without more, does not of itself show entrapment.  See, e.g., United States v. Kidd, 734 F.2d 409, 413 (9th Cir. 1984).  Additionally, inducement requires excessive pressure that overcomes the defendant's reluctance.  Here, the messages between the CI and defendant establish that defendant was already engaged in criminal activity when the CI reached out to him and that defendant then initiated

---

[1] In the opposition, the defense claims that it has issued discovery requests for information regarding the CI.  However, such request was raised for the first time in the opposition.  In any event, the government produced information related to the CI on December 15, 2025.

3

criminal activity with the CI.  Defendant expressed no reluctance to engage in criminal activity.

*Second*, defendant also failed to satisfy his burden of proof as to predisposition.  As shown below, each of the relevant factors considered by courts weighs in favor of a finding that defendant was predisposed to engage in the same or similar criminal activity.  Indeed, as defendant himself told the CI: "My boi I still be in the function js in the shadows you know."  Dkt. 92-2, Declaration of Christopher Stantzos ("Stantzos Decl.").

Because the defense has not shown it is entitled to present the affirmative defense of entrapment, which would only improperly muddy and confuse the jury's examination of defendant's methamphetamine distribution and firearm sales, the defense should be precluded.

## II. Defendant Has Failed to Satisfy His Burden of Proof to Present the Affirmative Defense of Entrapment

As set forth in the government's motion, "[a] district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense." United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010); United States v. Gurolla, 333 F.3d 944, 951 n.8 (9th Cir. 2003).  To present an affirmative defense, a defendant must proffer an offer of proof — i.e., make out a prima facie showing — that satisfies each element of that affirmative defense.  See United States v. Shapiro, 669 F.2d 593, 596 (9th Cir. 1982).

### A. Defendant Has Failed to Offer Any Evidence That the CI Induced Him to Engage in Criminal Activity

As foreshadowed in the government's motion, defendant's opposition offers a false narrative instead of any objective evidence

4

1    that the CI induced defendant to sell the CI methamphetamine and

2    firearms.  Inducement occurs when government agents engage in

3    "repeated and persistent solicitation or persuasion which overcomes

4    the defendant's reluctance" to commit a crime.  United States v.

5    Simas, 937 F.2d 459, 462 (9th Cir. 1991) (quotation marks omitted).

6    However, "[w]here government agents merely make themselves available

7    to participate in a criminal transaction, such as standing ready to

8    buy or sell illegal drugs, they do not induce commission of the

9    crime."  United States v. Poehlman, 217 F.3d 692, 701 (9th Cir.

10   2000).

11       In his opposition, defendant states he was induced by the CI

12   because "[i]t was the informant who approached Mr. Navarrete-

13   Contreras out of the blue" and "[e]ven after Mr. Navarrete-Contreras

14   stopped responding to messages from the informant, the informant

15   persisted."  Opp. at 9.  However, the case law is clear that

16   "inducement consists of an opportunity plus something else --

17   typically, excessive pressure by the government upon the defendant or

18   the government's taking advantage of an alternative, non-criminal

19   type of motive."  Poehlman, 217 F.3d at 701.  Additionally, such

20   excessive pressure by the government must overcome the defendant's

21   reluctance to commit criminal activity.  See Simas, 937 F.2d at 462.

22       Here, the fact that the CI initiated communication with

23   defendant is insufficient as a matter of law to establish inducement.

24   Courts have routinely rejected the initiation of contact alone as a

25   basis to find inducement.  For example, in United States v. Kidd, the

26   Ninth Circuit found that the trial court did not err in refusing to

27   instruct the jury on the defense of entrapment.  The Ninth Circuit

28   held the fact that the government made the initial contact with the

1   defendant, and not vice versa, did not of itself show entrapment.

2   See 734 F.2d at 413.  Courts have routinely declined to find

3   inducement on this basis.  See United States v. Hoyt, 879 F.2d 505,

4   510 n.3 (9th Cir.), amended, 888 F.2d 1257 (9th Cir. 1989) ("A

5   solicitation, request or approach by law enforcement officials to

6   engage in criminal activity standing alone is not an inducement.");

7   United States v. Brown, 875 F.2d 319, 1989 WL 52763 at *3 (9th Cir.

8   1989) (unpublished; citing Kidd, supra) ("The fact that undercover

9   agents, assisted by confidential informants, initiated the drug buys

10  proves only that the government furnished the opportunity for the

11  commission of the offenses, and is clearly insufficient to warrant an

12  entrapment instruction."); United States v. Jaoski, 846 F.2d 1383,

13  1988 WL 46664 at *1 (9th Cir. 1988) (unpublished) (same).

14      Defendant also failed to establish "excessive pressure" by the

15  CI that overcame his reluctance to commit criminal activity.  The

16  messages between the CI and defendant show that it was defendant –

17  not the CI – who first solicited the CI to engage in criminal

18  activity.  Specifically, after the CI made contact with defendant, it

19  was defendant who asked the CI if the CI could get him "a magazine, a

20  30 round," stating, "I need it for my baby."  Stantzos Decl., Ex. A,

21  p. 5.  Defendant's solicitation of the CI to engage in firearms sales

22  belies any argument of reluctance on defendant's part.  While

23  defendant's opposition conflates his subsequent intermittent delays

24  in responding to the CI's messages (through the course of the

25  approximately nine months he sold the CI and ATF undercover agents

26  methamphetamine and firearms) with reluctance, the evidence shows the

27  opposite.  The communications between the CI and defendant establish

28  that defendant had no reluctance to engage in criminal activity;

6

rather he was <u>already</u> engaging in such criminal activity before the CI contacted him.  As defendant told the CI after the CI first contacted him, he was "still . . . in the function js in the shadows."[2]  <u>Id.</u>, Ex. A, p. 4.  Defendant then solicited the CI to engage in criminal activity.

Furthermore, defendant's repeated firearms sales to the CI and ATF undercover agents are not consistent with someone who was induced to sell firearms and drugs.  <u>See United States v. Cantrell</u>, 146 F. App'x 157, 164-65 (9th Cir. 2005) (unpublished) (holding district court properly rejected entrapment jury instruction despite agent offering opportunities to sell drugs through controlled buys, because the defendant presented no evidence of inducement).  As part of these transactions, defendant used different suppliers, sent the CI photographs of firearms, <u>see, e.g.,</u> Stantzos Decl., Ex. C, arranged for the time and place of each transaction, and even personally sold the CI some of defendant's own ammunition.  There is simply no factual basis to show defendant expressed any reluctance to engage in criminal activity.

---

[2] Defendant's argument that the CI's alleged appeal to loyalty and obligation also fails, as there was no reluctance on the part of defendant to engage in criminal activity.  <u>See United States v. Batterjee</u>, 361 F.3d 1210, 1218 (9th Cir. 2004) ("It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play."); <u>see also Brown</u>, 875 F.2d 319, 1989 WL 52763 at *3 (confidential informant's solicitation and motive were insufficient to establish entrapment).  Tellingly, defendant has not proffered any evidence bearing on the CI's alleged role as a mentor/father/big brother to defendant.  <u>See</u> Opp. at 1.  Nor is such relationship sufficient where there is no evidence of excessive pressure by the government or reluctance by the defendant.

1    Because defendant has failed to establish a <u>prima facie</u> showing

2    of inducement, an essential element of entrapment, the Court should

3    preclude him from raising the defense at trial.

4    **B.    Defendant Has Failed to Offer Any Evidence That He Was Not Predisposed to the Same or Similar Criminal Activity**

5

6    Courts evaluating a defendant's predisposition to commit an

7    offense review five factors: "(1) the character and reputation of the

8    defendant; (2) whether the government made the initial suggestion of

9    criminal activity; (3) whether the defendant engaged in the activity

10   for profit; (4) whether the defendant showed any reluctance; and (5)

11   the nature of the government's inducement."  <u>United States v. Davis</u>,

12   36 F.3d 1424, 1430 (9th Cir. 1994) (internal citation omitted).

13   "Although none of these factors is controlling, the defendant's

14   reluctance to engage in criminal activity is the most important."

15   <u>United States v. Busby</u>, 780 F.2d 804, 807 (9th Cir. 1986).  Here, all

16   of the relevant factors weigh against a finding of entrapment as a

17   matter of law.

18   1.    <u>Defendant's Character and Reputation for Dealing in Drugs and Firearms</u>

19

20   The first factor relevant to the determination of

21   predisposition, defendant's character and reputation, establishes

22   that defendant was predisposed to selling drugs and firearms.

23   Defendant was known to the CI to deal in contraband, which was why

24   the CI asked defendant when he first reached out to him whether

25   defendant was "all square now or what?" -- to which defendant

26

27

28

responded he was "still . . . in the function js in the shadows."[3] Stantzos Decl., Ex. A, p. 4.

Furthermore, defendant's criminal record, including a 2021 conviction for carrying a loaded firearm, in violation of California Penal Code § 148(a)(1), suggests that he was predisposed to criminal activity involving firearms. See United States v. Williams, 547 F.3d 1187, 1198 (9th Cir. 2008) (holding that criminal schemes did not have to be identical, where they both involved stealing property and the use of firearms).

### 2. Defendant Made the Initial Suggestion of Criminal Activity

Defendant was also the one to make the initial suggestion of criminal activity. Contrary to defendant's assertion in his opposition, the fact that the CI initiated communication with the defendant, without more, is insufficient for purposes of establishing predisposition.[4] Rather, the inquiry is whether the defendant or the government made the initial suggestion of criminal activity. See Davis, 36 F.3d 1424 at 1430. As discussed above, it was defendant who, unsolicited by the CI, first asked the CI to sell him a firearm magazine. See Stantzos Decl., Ex. A, p. 5. This factor also weighs in favor of defendant's predisposition to engage in criminal activity.

---

[3] Because defendant was already in the business of dealing in firearms and/or narcotics, his reliance on Jacobson v. United States, 503 U.S. 540 (1992), is inapposite. There, government agents devoted 2.5 years to convincing the defendant that he had or should have the right to engage in criminal activity. By contrast, here, defendant's messages show he was already so engaged and no persuasion was necessary.

[4] As discussed above, it is also insufficient to establish the first element of entrapment, inducement. See supra, Section II.A.

   3.   <u>Defendant Engaged in the Criminal Activity for Profit</u>

There can be no serious dispute that defendant profited from his criminal activity.  Instead of proffering objective facts, defendant's opposition relies on a self-serving interpretation of defendant's text to the CI on January 22, 2024, in which defendant claimed he was not making anything from the deal, <u>see</u> Opp., Ex. B. But defendant cannot and does not dispute that he sold the CI methamphetamine for $450, or that he went on to broker nine separate deals for the sale of firearms, which included payment to defendant for brokering the deals.  Each of these transactions was recorded.

   4.   <u>Defendant Failed to Show Any Reluctance or Inducement
        by the Government</u>

   For the reasons discussed above, defendant failed to show any reluctance on his part or inducement by the government to engage in criminal activity.  The opposition suggests that defendant's occasional delay in responding to the CI's communications demonstrates his reluctance.  But the record shows otherwise: defendant was <u>already</u> engaged in criminal activity when the CI first contacted defendant.  <u>See</u> Stantzos Decl., Ex. A, p. 4.  Defendant then solicited the CI to engage in criminal activity with him.  <u>Id.</u>, p. 5.  Specifically, defendant asked the CI if the CI could sell him a firearm magazine.  Defendant then sold the CI methamphetamine for $450, and went on to broker nine transactions for the sale of firearms with different suppliers, including transactions that defendant initiated.  Simply put, defendant showed no reluctance.

Accordingly, defendant has failed to satisfy his burden of proof that he lacked a predisposition to sell firearms or methamphetamine. <u>See</u> <u>Jaoski</u>, 846 F.2d 1383, 1988 WL 46664 at *1 (finding trial court

did not err in denying entrapment instruction where defendant "had a reputation as a drug trafficker; he was apparently engaged in the sale of cocaine for profit; and he did not display any reluctance in making the cocaine sales (indeed, he showed off his wares and promised to make larger sales in the future)"). Defendant should be precluded from offering an entrapment defense on this independent basis.

**C.   If Defendant Is Permitted to Present an Entrapment Defense, Then the Government Should Be Permitted to Rebut It**

Finally, if the Court permits presentation of an entrapment defense, then the government must be permitted to rebut it. If an entrapment jury instruction is given, then the government has the burden of proving beyond a reasonable doubt that either: (1) defendant was predisposed to commit the crime before being contacted by government agents; or (2) he was not induced by the government agents to commit the crime. See Ninth Cir. Model Crim. Jury Inst. No. 6.2 (Entrapment) (2010 ed.; approved Sept. 2018). To determine defendant's predisposition, the jury would be permitted consider his character and reputation. Id.; see Busby, 780 F.2d at 807. Under those circumstances, the government would be entitled to ensure that the jury has accurate and complete information and is not misled. See United States v. Reed, 459 F. App'x 644, 647 (9th Cir. 2011) (finding district court properly admitted evidence of defendant's criminal history after defendant had asserted entrapment defense).

Under the longstanding "opening the door" principle, the government may "'introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.'" United States v. Tirado, 290 F. App'x 28, 31 (9th Cir.

2008) (unpublished) (emphasis omitted) (quoting <u>United States v.
Sine</u>, 493 F.3d 1021, 1037 (9th Cir. 2007); <u>see also</u> <u>United States v.
Mendoza-Prado</u>, 314 F.3d 1099, 1105 (9th Cir. 2002) (finding that
defense's introduction evidence of general good character, including
defendant's testimony that he was a family man lacking the time,
inclination, and courage to deal cocaine, was potentially misleading,
and thus opened the door to the government's rebuttal evidence: a
videotape of the defendant bragging about committing several
uncharged crimes); <u>United States v. Beltran-Rios</u>, 878 F.2d 1208, 1213
(9th Cir. 1989) (finding no abuse of discretion when district court
determined "testimony was necessary to rebut the inference the
defense counsel attempted to create").

Here, if defendants present an entrapment defense, then the
government should be permitted to rebut that defense with, <u>e.g.</u>,
evidence of defendant's prior convictions, protective orders, and bad
acts. <u>See</u> <u>Gomez</u>, 6 F.4th at 1005-06; <u>Beltran-Rios</u>, 878 F.2d at 1213;
<u>Mendoza-Prado</u>, 314 F.3d at 1105; <u>Partida</u>, 842 F. App'x at 64-65;
<u>Tirado</u>, 290 F. App'x 28, 31.

## III. CONCLUSION

For the above reasons, the Court should preclude defendant from
raising an entrapment defense. In the alternative, should the Court
allow defendant to proceed with his entrapment defense, the
government should be allowed to present evidence to rebut it,
including evidence of defendant's prior convictions and bad acts.